**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **VINCENT MICHAEL MARINO** | : | |
| | | **CIVIL ACTION NO. 3:20-0419** |
| **Petitioner** | : | |
| | | **(JUDGE MANNION)** |
| **v.** | : | |
| | | |
| **WARDEN HOWARD** | : | |
| | | |
| **Respondent** | : | |

## <u>MEMORANDUM</u>

Petitioner, Vincent Michael Marino, an inmate confined in the Allenwood Federal Correctional Institution, White Deer, Pennsylvania, filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241. (Doc. 1). Petitioner disputes the firearms sentencing enhancements he received in his case and requests that the Court "[r]everse, vacate, and remand this case back to the District Court for resentencing minus 7 years prior earned jail credits." Id.

On March 16, 2020, Marino filed an amended petition, alleging that Respondent failed to correct the BOP's security and custody classification score by removing nine points from his score. (Doc. 5). For relief, he seeks the Court to order the Respondent to correct his security classification by removing nine points. Id.

A response (Doc. 21) and traverse (Doc. 23) having been filed, the petition is ripe for disposition. For the reasons set forth below, the Court will dismiss Petitioner's §2241 petition without prejudice for lack of jurisdiction.

## I. **Background**

On December 22, 1999, a jury in the United States District Court for the District of Massachusetts (the "sentencing court") convicted Marino of three counts: racketeering in violation of 18 U.S.C. §§2 and 1962(c) (Count One); racketeering conspiracy in violation of 18 U.S.C. §1962(d) (Count Two); and conspiring to murder thirteen people in aid of racketeering in violation of 18 U.S.C. §1959 (Count Three). See, United States v. Carrozza, et al., No. 4:97-cr-40009, Doc. No. 1078. On May 8, 2000, the sentencing court sentenced Marino to a term of incarceration of 420 months followed by three years of supervised release. Id. at 1151.[1] The Court of Appeals for the First Circuit affirmed the judgment. See United States v. Marino, 277 F.3d 11

---

[1]Marino was also sentenced on June 1, 2000 to a ten-year term of imprisonment to be served concurrently to the offenses in Case No. 97-40009 based in his guilty plea to a drug trafficking conviction. United States v. Marino, No. 1:97-cr-10026 (D. Mass.).

(1st Cir. 2002). The Supreme Court denied his petition for a writ of certiorari on June 24, 2002. Marino v. United States, 536 U.S. 948 (2002).

Marino filed two motions with the sentencing court seeking the same relief as in the original petition in the instant case – a credit against his current sentence for time served for a previous conviction in United States v. Gigi Portalla a/k/a Marino, No. 1:89-cr-190 (D. Mass.). See United States v. Marino, No. 1:97-cr-40009 (D. Mass.), Docs. 2401, 2411. The sentencing court denied both motions as successive §2255 motions for which Marino had not received leave to file with the sentencing court. Id. at Doc. 2449.

Marino's subsequent attempts to challenge his conviction were aptly summarized in a recent decision dismissing one of his prior §2241 motions:

> [After his conviction,] Petitioner filed a motion to vacate, set aside or correct sentence under 28 U.S.C. §2255 on June 30, 2003 in the United States District Court for the District of Massachusetts. Marino v. United States, Case No. 4:03-cv-40143, Doc. No. 1.[2] The district court denied petitioner's §2255 motion and the First Circuit affirmed. Id. at Doc. Nos. 23, 34.
>
> Additionally, petitioner has filed a number of petitions under §2241 seeking habeas relief, including petitions in the Eastern District of New York, the District of Columbia, the Western District of Oklahoma, the Western District of Louisiana, as well as the

---

[2] Among the fifty grounds for relief asserted in numerous documents he filed with the court, Marino claimed outrageous government misconduct, stating that the government withheld exculpatory evidence and information about its cooperating witnesses. Id.

instant petition filed in this district. Marino v. United States, Case Nos. 1:07-cv-12069 and 1:07-cv-12070, Doc. No. 1 (transferred to D. Mass as successive §2255)[3]; Marino v. Martinez, Case No. 1:11-cv-1807, Doc. No. 1 (transferred to S.D. W. Va.); Marino v. Kastner et al., 2010 WL 3522455, No. CIV10-664-R, (W.D. Okla. Sept. 8, 2010); Marino v. Sherrod et al., 2012 WL 266855, Civil Action No 1:10-CV-01656 (W.D. La. Jan. 30, 2012); Marino v. Martinez, 2014 WL 5460613, Civil Action No. 1:12-00394 (S.D.W. Va. Oct. 27, 2014). None of these have been successful and most courts have found that petitioner's petitions actually seek relief offered under §2255, rather than §2241.

Marino v. Masters, 2017 WL 891294, at *1 (S.D. W. Va. Mar. 6, 2017), *aff'd*, 707 Fed. Appx. 794 (4th Cir. 2018). In addition to the foregoing, the United States District Court for the District of New Jersey recently denied another §2241 petition filed by Marino in Marino v. Ortiz, 2020 WL 3888124, at *1 (D.N.J. July 10, 2020), and on April 8, 2021, the United States District Court for the Western District of Pennsylvania dismissed two of Marino's §2241 petitions for lack of jurisdiction. See Marino v. Trate, 1:20-cv-86 (W.D. Pa.); Marino v. Trate, 1:19-cv-299 (W.D. Pa.).

Marino has also filed numerous applications with the First Circuit seeking leave to file successive §2255 motions. The First Circuit also

---

[3] The District of Massachusetts dismissed the petitions as successive §2255 motions, discussed Marino's extensive history of frivolous filings and enjoined Marino from further filings without first obtaining permission to do so. Id. The court also cautioned Marino that monetary sanctions would be imposed if he failed to abide by its order. Id.

rejected Marino's claim that the government improperly granted immunity to an informant and refused to provide his discovery of exculpatory and impeachment material evidence because he failed to make a showing for a successive §2255 motion. Marino v. United States, No. 15-2285 (1st Cir. Jan. 6, 2016). On November 4, 2019, the First Circuit rejected Marino's motion to file a successive §2255 motion having determined that Johnson v. United States, 135 S. Ct. 2551 (2015) and Sessions v. Dimaya, 138 S. Ct. 1204 (2018) did not apply to his convictions. Marino v. United States, No. 16-1708 (1st Cir., Nov. 4, 2019).  Marino again petitioned the First Circuit for leave to file a successive §2255 based on United States v. Davis, 139 S.Ct. 2319 (2019).  See, Marino v. United States, No. 20-1248 (1st Cir., May 19, 2020). By Judgment dated May 19, 2020, the First Circuit denied the petition for Marino's failure to meet the gatekeeping requirements. Id.

## II.  Discussion

### A. Petitioner's challenge to sentence enhancements/request for resentencing.

It is well settled that to challenge the validity of a sentence, a federal prisoner must file a motion to vacate pursuant to 28 U.S.C. §2255 in the sentencing court, which is "already familiar with the facts of the case." See

- 5 -

Boumediene v. Bush, 553 U.S. 723, 774-75 (2008); see also Russell v. Martinez, 325 F. App'x 45, 47 (3d Cir. 2009) (noting that "a section 2255 motion filed in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence"). Conversely, a federal prisoner may challenge the execution of his sentence, such as the denial or revocation of parole or the loss of good-time credits, by filing a petition pursuant to 28 U.S.C. §2241 in the district court for the federal judicial district where he is in custody. See 28 U.S.C.§2241(a); Rumsfeld v. Padilla, 542 U.S. 443-44 (2004); Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001). However, if a petitioner shows "that a §2255 motion 'is inadequate or ineffective to test the legality of his detention,' ... [he may] resort to §2241 to challenge the validity of the conviction or sentence." See Brown v. Mendez, 167 F. Supp. 2d 723, 726 (M.D. Pa. 2001); see also 28 U.S.C. §2255(e); Litterio v. Parker, 369 F.2d 395, 395 (3d Cir. 1966) ("It is firmly established that the remedy available to a federal prisoner under 2255 is exclusive in the absence of a showing that such remedy 'is inadequate or ineffective to test the legality of [the prisoner's] detention.' ").

A motion under §2255 is not "inadequate or ineffective" if the sentencing court has previously denied relief. See In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997). Nor is a §2255 motion "inadequate or ineffective"

- 6 -

merely because the inmate "is unable to meet the requirements of [28 U.S.C.] §2244 and §2255(h), which require a federal prisoner to obtain preauthorization from the appropriate United States Court of Appeals before filing a second or subsequent §2255 motion in the sentencing court." See Miller v. United States, No. 3:19-cv-2159, 2020 WL 820334, at *2 (M.D. Pa. Jan. 9, 2020), report and recommendation adopted, 2020 WL 815777 (M.D. Pa. Feb. 18, 2020). Moreover, "§2255 is not inadequate or ineffective merely because the petitioner cannot satisfy §2255's timeliness or other gatekeeping requirements." See Long v. Fairton, 611 F. App'x 53, 55 (3d Cir. 2015) (citing Dorsainvil, 119 F.3d at 251). The Third Circuit:

> permits access to §2241 when two conditions are satisfied: First, a prisoner must assert a "claim of 'actual innocence' on the theory that 'he is being detained for conduct that has subsequently been rendered non-criminal by an intervening Supreme Court decision' and [Third Circuit] precedent construing an intervening Supreme Court decision"—in other words, when there is a change in statutory caselaw that applies retroactively in cases on collateral review. And second, the prisoner must be "otherwise barred from challenging the legality of the conviction under §2255." Stated differently, the prisoner has "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate."

Bruce v. Warden Lewisburg USP, 868 F.3d 170, 180 (3d Cir. 2017) (quoting Dorsainvil, 119 F.3d at 251). If a petitioner improperly challenges a federal conviction or sentence under §2241, the §2241 petition must be dismissed

for lack of jurisdiction. See Cradle v. United States, 290 F.3d 536, 539 (3d Cir. 2002).

In the instant case, Petitioner challenges his conviction and sentence, presenting several arguments for why they are invalid. Marino, however, has filed two motions with the sentencing court after the adjudication of his §2255 motion seeking credit for time served in Case No. 1:89-cr-190 pursuant to U.S.S.G. §5G1.3. United States v. Marino, No. 1:97-cr-40009 (D. Mass.), (Docs. 2401, 2411). The sentencing court denied both motions because they represent second or successive claims that should have been raised with his original §2255 motion or after receiving permission from the First Circuit to file a successive §2255 motion. As discussed above, to proceed under §2241, he must demonstrate that a §2255 motion "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. §2255(e). Petitioner has not met this burden. As such, his claim does not fall within the purview of the savings clause, as he has not demonstrated that an intervening change in the law made his underlying conviction non-criminal and that he had no prior opportunity to challenge his conviction and could not satisfy the stringent standard for filing a second or successive §2255 motion.

Marino's lack of success in his direct appeal or his subsequent §2255 motions does not render §2255 inadequate or ineffective to address Marino's

- 8 -

challenge to his conviction and sentence. "The remedy afforded under §2241 is not an additional, alternative, or supplemental remedy to that prescribed under §2255." Dusenbery v. Oddo, No. 17-2402, 2018 WL 372164, at *4 (M.D. Pa. Jan. 11, 2018). Because Petitioner has failed to demonstrate that a §2255 motion is inadequate or ineffective to test the legality of his detention, permitting him to proceed under §2241, the Court will dismiss Marino's petition for a writ of habeas corpus, challenging his underlying conviction and sentence under 28 U.S.C. §2241, for lack of jurisdiction.

**B. Petitioner's challenge to BOP's security and custody classification.**

In his amended petition, Marino requests that the BOP correct his security and custody classification score by removing nine points, as he claims that his high score resulted in his ineligibility for "programming as required under the 'First Step Act of 2018'." (Doc. 5).

Section 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001); see also Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 242 (3d Cir. 2012). "Admittedly, the precise meaning of execution of the sentence is hazy." Cardona v. Bledsoe, 681 F.3d 533, 536 (3d Cir. 2010) (internal quotation

- 9 -

marks omitted). The Third Circuit has permitted claims regarding "BOP conduct that conflicted with express statements in the applicable sentencing judgment" to proceed under §2241 because such allegations assert "that the BOP was not properly put[ting] into effect or carry[ing] out the directives of the sentencing judgment." Id. (internal quotation marks omitted) (alterations in original). In Cardona, the Third Circuit held that an inmate's challenge to his placement in the Special Management Unit ("SMU") could not be filed under §2241 because he did not "allege that BOP's conduct was somehow inconsistent with a command or recommendation in the sentencing judgment." Id. at 537.

Petitioner asserts that the BOP incorrectly calculated his custody classification score. Even if the BOP did make an error in calculating Petitioner's score, there is no indication the calculation error impacts the execution of Petitioner's sentence as that phrase has been defined by the Third Circuit. See Mundo–Violante v. Warden Loretto FCI, 654 F. App'x 49, 51 (3d Cir. 2016) (per curiam). This is true even if the security classification prevents Petitioner from being transferred to a minimum-security camp. Andrews v. Ortiz, No. 19-9136, 2019 WL 3022027, at *2 (D.N.J. July 10, 2019) (citing Briley v. Warden Fort Dix FCI, 703 F. App'x 69, 71 (3d Cir. 2017) (per curiam)).

"[P]risoners have no constitutional right to a particular classification." Briley v. Attorney Gen. U.S., 632 F. App'x 84, 85 (3d Cir. 2016) (per curiam). Challenges to program eligibility, security designation, and custody classification "do not challenge the basic fact or duration of [Petitioner's] imprisonment, which is the 'essence of habeas.' " Cohen v. Lappin, 402 F. App'x 674, 676 (3d Cir. 2010) (per curiam) (quoting Preiser v. Rodriguez, 411 U.S. 475, 484 (1973)). "Congress has given federal prison officials full discretion to control these conditions of confinement, 18 U.S.C. §4081, and petitioner has no legitimate statutory or constitutional entitlement sufficient to invoke due process." Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976). See also Levi v. Ebbert, 353 F. App'x 681, 682 (3d Cir. 2009) (per curiam) ("[P]risoners have no constitutional right to a particular classification."). Therefore, the Court lacks jurisdiction under §2241.

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interests of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed." 28 U.S.C. §1631. "[W]hen the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction," a civil rights action is appropriate. Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002). The Court will not convert this action into

a civil rights action because there are different filing requirements for habeas actions and civil rights actions, including differences in the exhaustion requirement. See 42 U.S.C. §1997e(a).

## III. Conclusion

For the foregoing reasons, Marino's petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241, will be dismissed for lack of jurisdiction. Because Petitioner is not detained because of a process issued by a state court and the petition is not brought pursuant to §2255, no action by this Court with respect to a certificate of appealability is necessary.

An appropriate Order follows.


*s / Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated:  September 23, 2021**
20-0419-01

- 12 -