UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VINCENT MICHAEL MARINO : | |
| Petitioner : | CIVIL ACTION NO. 3:20-0419 |
| v. : | (JUDGE MANNION) |
| WARDEN HOWARD : | |
| Respondent : | |

# ORDER

Petitioner, Vincent Michael Marino, an inmate confined in the Allenwood Federal Correctional Institution, White Deer, Pennsylvania, filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241. (Doc. 1). Petitioner disputes the firearms sentencing enhancements he received in his case and requests that the Court "[r]everse, vacate, and remand this case back to the District Court for resentencing minus 7 years prior earned jail credits." Id.

On March 16, 2020, Marino filed an amended petition, alleging that Respondent failed to correct the BOP's security and custody classification score by removing nine points from his score. (Doc. 5). For relief, he seeks the Court to order the Respondent to correct his security classification by removing nine points. Id.

By Memorandum and Order dated September 23, 2021, the Court dismissed the petition for lack of jurisdiction. (Docs. 29, 30).

Presently before the Court is Petitioner's motion for reconsideration[1] of this Court's September 23, 2021, Memorandum and Order, dismissing the petition. (Doc. 31).

Petitioner's motion fails to demonstrate reliance on one of three major grounds needed for a proper motion for reconsideration, Howard Hess Dental Labs., Inc. v. Dentsply Int'l Inc., 602 F.3d 237, 251 (3d Cir. 2010) (finding that a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available previously; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice), but, instead, simply disagrees with the Court's determination. See Waye v. First Citizen's Nat'l Bank, 846 F. Supp. 310, 314 (M.D. Pa. 1994) (finding that "[a] motion for reconsideration is not to be used to reargue matters already argued and disposed of."); see also Database America, Inc. v. Bellsouth 4 Adver. &

---

[1] The Court notes that Petitioner's motion is not properly supported by a brief in support, as required by M.D. Pa. Local Rule 7.5.

Publ'g Corp., 825 F. Supp. 1216, 1220 (D.N.J. 1993) (citations omitted) (holding "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden.'")

**ACCORDINGLY, IT IS HEREBY ORDERED THAT** Petitioner's motion for reconsideration (Doc. 31) is **DENIED**.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

Dated:  December 23, 2021
20-0419-04